﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190211-3647
DATE: July 30, 2019

ORDER

Entitlement to service connection for a left ear hearing loss disability is denied.

Entitlement to service connection for a right ear hearing loss disability is denied.

Entitlement to service connection for a left foot disability, claimed as callouses and corns, is denied.

Entitlement to service connection for a right foot disability, claimed as calluses and corns, is denied.

Entitlement to service connection for a low back disability is denied.

Entitlement to service connection for tinnitus is denied.

FINDINGS OF FACT

1. Left ear hearing loss considered to be disabling for VA purposes has not been shown during the period on appeal or during the period proximate thereto.

2. A right ear hearing loss disability manifested more than one year after separation and is not shown to be causally related to an in-service injury or disease.

3. A left foot disability is not shown to be causally related to an in-service injury or disease.

4. A right foot disability is not shown to be causally related to an in-service injury or disease.

5. A low back disability has not been shown during the period on appeal or during the period proximate thereto.

6. Tinnitus manifested more than one year after separation and is not shown to be causally related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for service connection for a left ear hearing loss disability have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

2. The criteria for service connection for a right ear hearing loss disability have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

3. The criteria for service connection for a left foot disability have not been met. 38 U.S.C. §§ 1101, 1110, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for service connection for a right foot disability have not been met. 38 U.S.C. §§ 1101, 1110, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria for service connection for a low back disability have not been met. 38 U.S.C. §§ 1101, 1110, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303.

6. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1101, 1110, 1112, 1113, 1131, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1974 to June 1994.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in January 2019 by a Department of Veterans Affairs (VA) Regional Office (RO).

By way of background, a June 2017 rating decision granted reopening of a claim for service connection for a bilateral hearing loss disability, and then denied service connection for a bilateral hearing loss disability, a bilateral foot disability, a low back disability and tinnitus. The Veteran filed a notice of disagreement in September 2017. In August 2018, the Veteran elected the modernized review system and requested a higher-level review decision. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

A new decision was issued in January 2019 which found new and relevant evidence had been submitted sufficient to readjudicate the claim for service connection for a bilateral hearing loss disability and denied service connection for a bilateral hearing loss disability, a bilateral foot disability, a low back disability and tinnitus. The Veteran filed an appeal to the Board in February 2019 and requested direct review by a Veterans Law Judge (VLJ). As the RO has already determined that new and relevant evidence has been submitted as to the hearing loss claim, the Board need not address new and relevant evidence here. 84 Fed. Reg. 138, 189 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.801).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300). The Veteran may file a Supplemental Claim and submit or identify this evidence. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501). If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Generally, to establish service connection a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Davidson v. Shinseki, 581 F.3d 1313, 1315–16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d). As with all claims for service-connection, in the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Service connection may also be established for a current disability on the basis of a presumption that certain chronic diseases manifesting themselves to a certain degree within a certain time after service must have had their onset in service. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309(a). Generally, the disease must have manifested to a degree of 10 percent or more within one year of service. 38 C.F.R. § 3.307(a)(3).

For the showing of chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word “Chronic.” 38 C.F.R. § 3.303(b). When the disease identity is established, there is no requirement of evidentiary showing of continuity. Id. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. Id. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. Id. Continuity of symptomatology is only applicable to those diseases recognized as chronic for VA purposes. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303(b), 3.309.

Finally, for veterans who served in the Southwest Asia theater of operations during the Persian Gulf War, service connection may also be established for chronic disability that cannot be attributed to a known clinical diagnosis (undiagnosed illness) or for a medically unexplained multi-symptom illness (e.g., chronic fatigue syndrome, fibromyalgia, or irritable bowel syndrome). 38 C.F.R. § 3.317. 

The term Persian Gulf Veteran means a veteran who served on active duty during the Persian Gulf War in the Southwest Asia theater of operations, which refers to Iraq, Kuwait, Saudi Arabia, the neutral zone between Iraq and Saudi Arabia, Bahrain, Qatar, the United Arab Emirates, Oman, the Gulf of Aden, the Gulf of Oman, the Persian Gulf, the Arabian Sea, the Red Sea, and the airspace above these locations. 38 C.F.R. § 3.317(e)(1)–(2). The Persian Gulf War is defined as the period beginning on August 2, 1990, and ending on the date thereafter prescribed by law. 38 U.S.C. § 101(33).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154(a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336–37 (Fed. Cir. 2006).

1. Entitlement to service connection for a left ear hearing loss disability.

For the purpose of applying the laws administered by VA, impaired hearing will be considered a disability when: (1) the auditory threshold for any of the frequencies of 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; (2) the auditory thresholds for at least three of these frequencies are 26 decibels or greater; or (3) speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. The threshold for normal hearing is from 0 to 20 decibels, with higher threshold levels indicating some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 157 (1993).

The Veteran has stated that he currently has left ear hearing loss. While competent to report decreased hearing acuity, he is not competent to state his hearing loss is disabling for VA purposes as such a determination requires objective audiological testing. 38 C.F.R. § 3.385; see Jandreau, 492 F.3d at 1377. As the Veteran’s statements are not competent, they are assigned no probative weight.

A September 1994 noted speech recognition to be 100 percent, as measured by the Maryland CNC test. The puretone audiometry test results were as follows:

 HERTZ 

 500 1000 2000 3000 4000

LEFT 5 10 10 15 5

A June 2016 audiological examination noted that speech recognition was 96 percent, and puretone results as follows:

 HERTZ 

 500 1000 2000 3000 4000

LEFT 15 25 30 25 25

Based on the foregoing, the Veteran’s left ear hearing loss is not considered disabling for VA purposes. While the Board notes that the June 2017 VA examiner noted that the Veteran has clinical hearing loss and testing results show elevated hearing thresholds, hearing loss is only considered to be a disability for VA purposes when specific thresholds are met. 38 C.F.R. § 3.385. The Veteran’s hearing thresholds in the left ear have at no point been measured to be 40 decibels or greater at frequencies of 500, 1000, 2000, 3000 or 4000 Hertz, nor have the auditory thresholds been 26 decibels or greater at any three of the measured frequencies. Id. Finally, his speech recognition scores have at no point been less than 94 percent. Id. 

As none of the necessary criteria have been met, the Board finds that the Veteran’s left ear hearing loss is not disabling for VA purposes. Id. As there is no left ear hearing loss disability for VA purposes, service connection cannot be granted on any basis. Brammer, 3 Vet. App. at 225; 38 C.F.R. §§ 3.303, 3.309. As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. 38 U.S.C. § 5107(b); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55–57 (1990); 38 C.F.R. § 3.102. For these reasons, the claim is denied.

2. Entitlement to service connection for a right ear hearing loss disability.

The Veteran was diagnosed with right ear hearing loss in a June 2017 VA examination. In addition, the Veteran has reported that during his period of service he worked in close proximity to jet engines, and therefore had a significant amount of noise exposure. The Veteran’s DD-214 reflects that his military occupational specialty was as an aerospace maintenance craftsman, and that he completed a variety of different training courses concerning aircraft maintenance. As such, the Veteran’s DD-214 corroborates the Veteran’s account, and the Board finds that in-service noise exposure has been shown. Thus, the dispositive issue in this claim is the presence of a nexus.

The Veteran has asserted that his right ear hearing loss is causally related to his in-service noise exposure. While competent to report the onset and continuity of lay observable symptoms such as decreased hearing acuity, the Veteran is not competent to opine as to the presence of a medical causal relationship between his right ear hearing loss and his service, as to do so requires medical expertise and training. Jandreau, 492 F.3d 1372; Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011).

To the extent that the Veteran has asserted that his hearing loss has been persistent since service, the Board finds that this assertion is inconsistent with his other statements of record. In determining the weight to be assigned to evidence, credibility can be affected by inconsistent statements, internal inconsistency of statements, inconsistency with other evidence of record, facial implausibility, bad character, interest, bias, self-interest, malingering, desire for monetary gain, and witness demeanor. Caluza v. Brown, 7 Vet. App. 498, 511–12 (1995), aff’d per curiam, 78 F.3d. 604 (Fed. Cir. 1996).

In this case, the Veteran specifically denied any current or history of hearing loss or other ear trouble on his March 1994 report of medical history completed at the time of his retirement. The Veteran also denied any current or history of hearing loss or ear trouble in a March 1990 report of medical history, as well as during an extensive medical history review conducted in February 1988. In light of the significantly inconsistent nature of the Veteran’s statements as to the onset and continuity of his decreased hearing, the Board finds the Veteran’s statements concerning continuity of symptoms since service to be not credible. Id. As the statements are not credible, they are entitled to no probative weight. Walker, 708 F.3d 1331; 38 C.F.R. §§ 3.303(b), 3.309.

VA obtained a medical opinion concerning the Veteran’s right ear hearing loss in June 2017. The examiner stated that it was less likely than not that the Veteran’s right ear hearing loss disability was causally related to his period of service. The examiner noted that while some hearing threshold shifts were noted in-service, the Veteran’s hearing was consistently within normal limits on all audiometric evaluations. The examiner then cited to in-service audiometric testing results spanning from the Veteran’s January 1974 enlistment examination to the Veteran’s retirement examination in March 1994, as well as the Veteran’s post-service VA audiological examination in September 1994.

There is no evidence that the above examiner was either not competent or credible. Further, the examiner’s opinion is supported by a reasoned rationale and direct citations to the medical evidence of record. As such, the Board finds that the examination report is entitled to significant probative weight as to the presence of a nexus between the current right ear hearing loss disability and the Veteran’s period of service. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

Post-service treatment records reflect that the Veteran’s hearing was within normal limits at a September 1994 VA audiological examination. Treatment records are otherwise silent for complaints of or on-going treatment for hearing loss in the right ear, and do not contain any opinions linking the right ear hearing loss to his in-service noise exposure.

Based on the foregoing, the preponderance of the evidence is against a finding that the Veteran’s right ear hearing loss disability is causally related to his active service. The Veteran is not competent to opine as to the presence of a direct causal relationship, and the Veteran’s statements concerning continuity of symptoms since service are not credible in light of his repeated denials of any hearing loss or ear trouble in reports of medical history leading up to and at the time of his March 1994 separation from service. The negative VA medical opinion is supported by direct citations to both in-service and post-service audiometric testing which reflects that during and immediately after service the Veteran’s hearing was within normal limits. As the preponderance of the evidence is against a finding of a nexus, service connection for right ear hearing loss on a direct basis is not warranted. 38 C.F.R. § 3.102, 3.303.

Sensorineural hearing loss is considered to be a chronic disease for VA purposes. 38 C.F.R. § 3.309(a). However, there is no evidence that the Veteran’s right ear hearing loss manifested either during service or within a year of his separation or that it has been continuous since service. As noted above, the Veteran denied any issues with hearing loss or his ears generally in February 1988, March 1990 and March 1994 reports of medical history and in-service audiograms consistently reflect that the Veteran’s hearing was within normal limits. The Veteran’s hearing was also found to be within normal limits in a September 1994 VA examination. There is no evidence of a right ear hearing loss disability until the June 2017 VA examination, which is well after the Veteran’s separation. As such, the preponderance of the evidence is against a finding that the Veteran’s hearing loss manifested in service, within one year of his separation, or has been continuous since service. 38 C.F.R. §§ 3.303(b), 3.309(a); see Walker, 708 F.3d 1331.

The preponderance of the evidence weighs against a finding that the Veteran’s right ear hearing loss is causally related to his service or manifested within an applicable presumptive period. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. 38 U.S.C. § 5107(b); Ortiz, 274 F.3d at 1364; Gilbert, 1 Vet. App. at 55–57; 38 C.F.R. § 3.102. For these reasons, the claim is denied.

3. Entitlement to service connection for a left and right foot disabilities.

As an initial matter, the facts and analysis for the Veteran’s claims for service connection for left foot callouses and corns are essentially identical to that for his claim for service connection for right foot calluses and corns. As such, the board will address both two issues together for the purposes of brevity.

The Board notes that the treatment records associated with the file are silent for any formal diagnosis of a left or right foot disability, to include the presence of corns or callouses. However, callouses, by their nature, are a lay diagnosable disability. See, e.g., McCartt v. West, 12 Vet. App. 164, 167 (1999) (finding some skin disorders to be lay diagnosable); Falzone v. Brown, 8 Vet. App. 398, 403 (1995) (finding painful feet or pes planus to be lay diagnosable). As such, a current left and right foot disability has been established.

However, the preponderance of the evidence is against a finding of an in-service injury or disease. While the Veteran has generally alleged that his left and right foot disabilities are due to his period of service, the Veteran has not provided any specific statements concerning a precipitating in-service injury or disease. Service treatment records are silent for any treatment for or complaints of left or right foot issues generally, or corns or callouses specifically. Medical examination reports from November 1985, March 1990, November 1990, and March 1994 all noted that the Veteran’s feet were normal. 

The Veteran also denied any current or history of foot trouble on February 1988, March 1990, and March 1994 reports of medical history. Thus, the Veteran’s own statements reflect that he had no issues with his feet during his period of active service. White v. Illinois, 502 U.S. 346, 356 (1992) (finding that statements made for the purpose of medical diagnosis or treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive a proper diagnosis or treatment). Based on the foregoing, the Board finds there is no evidence of an in-service injury or disease, and therefore service connection is not warranted on a direct basis.

Further, even if an in-service injury or disease is assumed, there is no evidence that the Veteran’s left or right foot disability is causally related to service. While the Veteran, by the nature of his claim, has asserted that he has a left and right foot disability that is causally related to service, he is not competent to provide an opinion as to the etiology of his left or right foot disabilities, as to do so requires medical training and expertise. Jandreau, 492 F.3d 1372; Kahana, 24 Vet. App. at 435. As such, the Veteran’s statements concerning a direct causal link between his foot disability and service are entitled to no probative weight.

As noted above, the Veteran’s March 1994 retirement examination noted his feet were normal, and the Veteran denied any issues with his feet on a corresponding report of medical history. Post-service treatment records do not reflect any complaints of or treatment for foot issues. Based on the foregoing, the Board finds that there is no evidence indicating that the Veteran’s left or right foot disability is causally related to his period of service. The Veteran’s statements asserting that his left and right foot disabilities are related to service are not competent, and the evidence of record reflects the Veteran had no foot issues at separation, nor has the Veteran received any treatment for a left or right foot disability since. As the preponderance of the evidence is against a finding of an in-service injury or disease or a nexus between the current left and right foot disabilities and service, service connection for left and right foot disabilities is not warranted on a direct basis. 38 C.F.R. §§ 3.102, 3.303.

The preponderance of the evidence weighs against a finding that the Veteran’s left or right foot disability is causally related to his service. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. 38 U.S.C. § 5107(b); Ortiz, 274 F.3d at 1364; Gilbert, 1 Vet. App. at 55–57; 38 C.F.R. § 3.102. For these reasons, the claim is denied.

4. Entitlement to service connection for a low back disability.

The Veteran alleges that he has a low back disability that is causally related to his active service. However, the Veteran has not provided any specific information concerning the nature of the claimed low back disability, other than general assertions of its presence. The Board notes that the Veteran has, by the nature of his claim, stated that he experiences low back pain. Pain alone may constitute a disability for the purposes of service connection, if there is a showing that that the pain reaches the level of a functional impairment of earning capacity. Saunders v. Wilkie, 886 F.3d 1356, 1367–68 (Fed. Cir. 2018). In this case, there is no evidence that the reported pain has in any way resulted in a functional impairment of earning capacity. As such, the subjective report of pain is not sufficient to establish the presence of a current disability. Id.

Treatment records associated with the file do not reflect a diagnosis of a low back disability, nor do the records note any symptoms that are indicative of a disability, either during the appellate period or prior thereto. See McClain v. Nicholson, 21 Vet. App. 319 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Indeed, the October 2016, November 2016 and January 2017 treatment records refect that on examination the Veteran’s musculoskeletal system was normal, and the Veteran specifically denied any back pain in a December 2016 private treatment record.

Finally, the Board notes that a portion of the Veteran’s service was during the Persian Gulf War. 38 U.S.C. § 101(33). However, the Veteran has not asserted, and the evidence does not show, that he at any point served in Southwest Asia during his period of service. 38 C.F.R. § 3.317(e)(1)–(2). As such, the presumption contained in 38 C.F.R. § 3.317 is not applicable.

Based on the foregoing, the preponderance of the evidence is against a finding that the Veteran has a low back disability, and therefore there can be no valid claim for benefits. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. 38 U.S.C. § 5107(b); Ortiz, 274 F.3d at 1364; Gilbert, 1 Vet. App. at 55–57; 38 C.F.R. § 3.102. For these reasons, the claim is denied.

5. Entitlement to service connection for tinnitus.

The Veteran has reported that he currently has tinnitus, which he is competent to report. Jandreau, 492 F.3d at 1377; Charles v. Principi, 16 Vet. App. 370, 374 (2002). As discussed above with respect to right ear hearing loss, the Veteran has reported that he had significant noise exposure from jet engines while working as an aircraft mechanic, which is corroborated by his DD-214. Thus, the dispositive issue is the presence of a nexus between tinnitus and service.

The Veteran has asserted that his tinnitus is causally related to his in-service noise exposure. While competent to report the onset and continuity of lay observable symptoms such as decreased hearing acuity since service, the Veteran is not competent to opine as to the presence of a medical causal relationship between his right ear hearing loss and his service, as to do so requires medical expertise and training. Jandreau, 492 F.3d 1372; Kahana, 24 Vet. App. at 435. The Veteran has not stated that his tinnitus has been continuous since service, and indeed has endorsed an onset date of approximately 2012 or 2013.

VA obtained a medical opinion concerning the Veteran’s tinnitus in June 2017. The examiner stated that it was less likely than not that the Veteran’s tinnitus was related to his period of service, based on the fact that all of the Veteran’s in-service audiometric testing was within normal limits and that the Veteran reported an onset of tinnitus approximately four to five years prior. The examiner further cited to in-service audiometric testing results spanning from January 1974 to the Veteran’s retirement examination in March 1994, as well as the Veteran’s post-service VA examination in September 1994.

There is no evidence that the above examiner was either not competent or credible. Further, the examiner’s opinion is supported by a reasoned rationale and direct citations to the medical evidence of record. As such, the Board finds that the examination report is entitled to significant probative weight as to the presence of a nexus between tinnitus and the Veteran’s active service. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

The Veteran specifically denied any current or history of hearing loss or other ear trouble on his March 1994 report of medical history completed at the time of his retirement, as well as on February 1998 and March 1990 reports of medical history. Post-service treatment records are silent for any complaints of or treatment for tinnitus, and the Veteran denied experiencing any tinnitus at a September 1994 VA audiological examination.

Based on the foregoing, the preponderance of the evidence is against a finding that the Veteran’s tinnitus is causally related to his active service. The Veteran is not competent to opine as to the presence of a direct causal relationship and has specifically stated that his tinnitus did not have its onset until well after his separation from service. The negative VA medical opinion is supported by direct citations to both in-service and post-service audiometric testing which reflect that during and immediately after service the Veteran’s hearing was within normal limits, as well as the Veteran’s own report of the onset of tinnitus. As the preponderance of the evidence is against a finding of a nexus, service connection for tinnitus on a direct basis is not warranted. 38 C.F.R. § 3.102, 3.303.

Tinnitus is considered a chronic disease for VA purposes. 38 C.F.R. § 3.309(a); see Fountain v. McDonald, 27 Vet. App. 258, 271–72 (2015). However, there is no evidence that the Veteran’s tinnitus manifested either in-service, within a year of his separation, or that it has been continuous since service. As noted above, the Veteran denied any issues with hearing loss or his ears generally in February 1988, March 1990 and March 1994 reports of medical history, and corresponding medical examination reports reflect that the Veteran’s ears were normal. Further, the Veteran himself stated that his tinnitus did not have its onset until 2012 at the earliest, which is well after the Veteran’s separation from service. As such, the preponderance of the evidence is against a finding that tinnitus manifested in service or within one year of separation or has been continuous since service. 38 C.F.R. §§ 3.303(b), 3.309(a); see Walker, 708 F.3d 1331.

The preponderance of the evidence weighs against a finding that the Veteran’s tinnitus is causally related to his service or manifested within an applicable presumptive period. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. 38 U.S.C. § 5107(b); Ortiz, 274 F.3d at 1364; Gilbert, 1 Vet. App. at 55–57; 38 C.F.R. § 3.102. For these reasons, the claim is denied.

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Wendell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.