**Barney R. McCARTT, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 97–1831.**

United States Court of Veterans Appeals.

Feb. 8, 1999.

Barney R. McCartt, pro se.

John H. Thompson, Acting General Counsel, Ron Garvin, Assistant General Counsel, Mary Ann Flynn, Acting Deputy Assistant General Counsel, and Ralph G. Davis were on pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

KRAMER, Judge:

The appellant, Vietnam-era veteran Barney R. McCartt, appeals a July 30, 1997, decision of the Board of Veterans' Appeals (BVA or Board) that (1) remanded a claim for an increased disability rating for post-traumatic stress disorder (PTSD) (claim 1); (2) determined that a claim for service connection for a skin condition secondary to exposure to Agent Orange was not well grounded (claim 2); and (3) determined that new and material evidence had not been submitted to reopen a disallowed claim for service connection for heart disease (claim 3). Record (R.) at 3, 15, 17. The appellant has filed an informal brief, and the Secretary has filed a motion for summary affirmance in lieu of a brief. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will vacate the decision of the Board with respect to claims 2 and 3, and will remand those matters. The Court will also dismiss the appellant's appeal with respect to claim 1.

## I. RELEVANT BACKGROUND

The appellant served on active duty in the U.S. Army from May 1962 to February 1977, including service in Vietnam from February 1966 to May 1967. R. at 78–82. The appellant's service medical records reflect treatment for a probable fungal infection in January and April 1969 (R. at 323), dermatitis of unknown etiology in January 1970 (R. at 314), and a rash in November 1970 (R. at 315). According to the reports from examinations conducted in March 1971 (R. at 310), April 1975 (R. at 61), and November 1976 (R. at 72), the appellant's skin was normal. Also, in the report from a VA medical examination, dated in May 1977, the appellant's skin was noted to have "[n]o lesions." R. at 88.

A VA regional office (RO), in September 1981, denied a claim for service connection for residuals of exposure to Agent Orange. R. at 121. The RO initially stated that, although the appellant's exposure to Agent Orange "ha[d] not been definitely established ... such exposure [would be] conceded." R. at 121. The RO determined, however, that there was "no causal relationship yet established between herbicide exposure and any condition now diagnosed." R. at 121. In October 1994, the appellant was notified that the RO had been "controlling" his claim for service connection for residuals of exposure

to Agent Orange pending the publication of final regulations regarding the adjudication of such claims. R. at 176. He was further informed that, if he wished to pursue his claim, he must specify the current disabilities for which he was seeking service connection. R. at 176. The appellant responded that he was seeking service connection for, inter alia, a rash, "blotches," and boils based on exposure to Agent Orange. R. at 176. In a letter dated in November 1994, Dr. H. Harper Kerr, Thoracic & Cardiovascular Surgeon Chairman, Medical Division, and L. Earl Stapleton, Ph.D., Clinical Psychologist, Chairman, Mental Health Division, American Disabled Veterans Quality of Life Clinic, Walton Beach, Florida, stated that the appellant had been "much exposed to Agent Orange" during his tours of duty in Vietnam and that such exposure could be "proven." R. at 182, 185. The doctors further stated that the appellant has had "continuous skin problems with rash and other disruptive symptoms" and opined, in essence, that he should be awarded service connection for his skin condition because it is attributable to exposure to Agent Orange. R. at 182–85.

A VA compensation and pension examination for skin was conducted in March 1995. R. at 219, 259. At that time, the appellant related to the examiner that he had had a skin condition since his service in Vietnam, consisting of red, rough, and irritated areas of skin "that are worse in the summertime." R. at 259. After an examination, the examiner reported that the appellant had "a few scattered areas of follicular pustules" and "an old fungal infection of the toenails," but noted that there were "no areas of chloracne, which is thought to be characteristic of Agent Orange exposure." R. at 260. The examiner further stated that the appellant should "[p]ossibly ... be reexamined in the hot weather at the time he says his skin is most uncomfortable." R. at 260. In April 1995, the appellant submitted to the RO a copy of an application for disability benefits under the Agent Orange Veteran Payment Program. R. at 222.

An RO decision, dated in August 1995, denied service connection for a skin condition secondary to exposure to Agent Orange. R.

at 339–42. The appellant submitted a Notice of Disagreement (R. at 347); a Statement of the Case (SOC) was issued (R. at 357–69); and the appellant submitted a substantive appeal (R. at 384). At a hearing before the RO, in July 1996, the appellant testified that a skin condition, manifested by red blotches, scaly patches, blisters, boils, itchiness, and soreness, had its onset in 1968 (R. at 414–17) and that he had been exposed to Agent Orange while serving in Vietnam (R. at 415). A Supplemental SOC was issued (R. at 422–28).

In the July 30, 1997, BVA decision here on appeal, the Board determined that the appellant's claim for a skin disorder secondary to exposure to Agent Orange was not well grounded. R. at 3, 8. In setting forth the laws applicable in the present case, the Board noted, inter alia, that

[a] veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam era, shall be presumed to have been exposed during such service to an herbicide agent (Agent Orange), unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service.

R. at 5 (citing 38 C.F.R. § 3.307(a)(6)(iii) (1996)). In this regard, the Board also stated that the appellant had "met the regulatory presumption of active service in the Republic of Vietnam during the Vietnam era." R. at 7. In determining whether the appellant had submitted a well-grounded claim, the Board first determined that there was no evidence that the appellant had developed, during service or within one year following his discharge from service, a skin condition enumerated in 38 C.F.R. § 3.309(e) and that he, therefore, was not entitled to presumptive service connection. R. at 7. The Board then considered whether the appellant had submitted a well-grounded claim for direct service connection. The Board determined that, in the absence of "medical evidence of a skin condition related to exposure to Agent Orange," the appellant's claim was not well grounded. R. at 7–8. The Board further determined that the appellant had not submitted new and material evidence to reopen

a claim for service connection for heart disease. R. at 14. Finally, the Board remanded to the RO for further development the appellant's claim for an increased disability rating for PTSD. R. at 17–20. This appeal followed.

## II. ANALYSIS

### A. Claim 1

■ The appellant, in his informal brief, asserts that he is appealing a claim for an increased disability rating for PTSD (claim 1). Because a final decision has not been issued by the BVA with respect to claim 1, which was remanded by the Board in the decision on appeal (R. at 17–19), the Court does not have jurisdiction to review claim 1 on this appeal. *See* 38 U.S.C. §§ 7252(a), 7266(a); *Hampton v. Gober,* 10 Vet.App. 481, 483 (1997); *In re Quigley,* 1 Vet.App. 1 (1989).

### B. Claim 2

Although the appellant's claim for service connection for residuals of exposure to Agent Orange was denied by the RO in 1981 (R. at 121), his claim was readjudicated de novo by VA in August 1995, apparently due to the promulgation of new regulations regarding such claims (*see* R. at 176, 339–42). *See Spencer v. Brown,* 4 Vet.App. 283, 289 (1993) (holding that "section 7104(b) does not preclude de novo adjudication of a claim, on essentially the same facts as a previously and finally denied claim, where an intervening change in law or regulation has created a new basis of entitlement to a benefit"), *aff'd,* 17 F.3d 368 (Fed.Cir.1994); *see also Routen v. West,* 142 F.3d 1434 (Fed.Cir.1998) (under appropriate circumstances intervening change in applicable law may entitle veteran to consideration of claim, even though claim is based on essentially same facts as those in previously adjudicated claim), *aff'g Routen v. Brown,* 10 Vet.App. 183 (1997). The Court, in reviewing the Board's determination with respect to claim 2, will thus consider this an original claim rather than a claim to reopen.

■ Pursuant to 38 U.S.C. § 5107(a), the appellant has the burden of submitting evidence sufficient to justify a belief that his claim of entitlement to service connection is well grounded. *See Robinette v. Brown,* 8 Vet.App. 69, 73 (1995). A claim is well grounded if it is "plausible." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). For a claim to be well grounded, there generally must be (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. *See Caluza v. Brown,* 7 Vet.App. 498, 506 (1995), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir.1996) (table); *see also Epps v. Gober,* 126 F.3d 1464, 1468 (Fed.Cir.1997), *cert. denied,* — U.S. —, 118 S.Ct. 2348, 141 L.Ed.2d 718 (1998). Pursuant to 38 U.S.C. § 1116 and 38 C.F.R. §§ 3.307(a) and 3.309(e) (1998), in the case of a Vietnam-era veteran, no direct evidence as to the in-service incurrence and medical nexus prongs is necessary when the provisions of those sections are satisfied. *See Brock v. Brown,* 10 Vet.App. 155, 162 (1997). The determination whether a claim is well grounded is subject to de novo review by this Court. *See Robinette,* 8 Vet.App. at 74.

■ Because there is no evidence of record that the appellant developed a skin condition that would be presumptively service connected under 38 U.S.C. § 1116 and 38 C.F.R. §§ 3.307 and 3.309(e), the Court concludes that, based on the evidence presently of record, the appellant has not submitted a well-grounded claim for presumptive service connection. *See Brock, supra.* However, as the Board correctly noted, the appellant could also establish on a direct basis service connection for a skin condition based on exposure to Agent Orange. *See Combee v. Brown,* 34 F.3d 1039 (Fed.Cir.1994). With regard to direct service connection, the Court notes that the appellant has stated that since 1968 he has had a skin condition, manifested by boils, blotches, a rash, soreness, and itchiness. R. at 176, 259, 414–17; *see Falzone v. Brown,* 8 Vet.App. 398, 403 (1995) (indicating that medical evidence may not be necessary for conditions that lend themselves to lay observation). Furthermore, the Court concludes that the Board

erred in determining that there was no medical evidence linking etiologically the appellant's current skin condition to exposure to Agent Orange. In their November 1994 letter, Drs. Kerr and Stapleton essentially opined that the appellant has had "continuous skin problems with rash and other disruptive symptoms" attributable to Agent Orange exposure. R. at 184–85. Presumed credible for purposes of determining whether the appellant's claim is well grounded, this letter constitutes medical evidence of a nexus between Agent Orange exposure and the appellant's current skin condition. *See Savage v. Gober,* 10 Vet.App. 488, 496 (1997) (for threshold determination of well groundedness, evidence in support of claim is presumed credible and is not subject to weighing); *Robinette,* 8 Vet.App. at 76 (for purposes of determining whether claim is well grounded, presumption of credibility applies unless assertion is inherently incredible or beyond competence of person making assertion; in merits adjudication that follows, presumption does not apply and Board must determine weight and credibility of evidence); *cf. Swann v. Brown,* 5 Vet.App. 229, 233 (1993) (Court found that Board, in adjudicating claim on merits, was justified in attributing little weight to doctors' opinions based on history related by appellant).

█ Because the Board, in the present case, found that the appellant's claim for direct service connection was not well grounded based on the absence of medical nexus evidence, it is not clear whether the Board considered the appellant to have satisfied the incurrence prong of *Caluza, supra* (well-grounded claim requires, inter alia, evidence of in-service incurrence or aggravation). However, the Board, in its summary of the laws applicable in the present case, stated that "[a] veteran who ... served in the Republic of Vietnam during the Vietnam era, shall be presumed to have been exposed during such service to an herbicide agent (Agent Orange), unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service." R. at 5. The Board subsequently stated that the appellant had "met the regulatory presumption of active service in the

Republic of Vietnam during the Vietnam era." R. at 7. Thus, it appears that the Board implicitly determined that the appellant was entitled to a presumption of exposure to Agent Orange. The Court disagrees.

Section 1116, title 38, United States Code, provides as follows:

> For the purposes of this subsection, a veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, *and has a disease referred to in paragraph (1)(B) of this subsection* shall be presumed to have been exposed during such service to an herbicide agent ... unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service.

38 U.S.C. § 1116(a)(3) (emphasis added). Similarly, the implementing regulation provides:

> A veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975[,] *and has a disease listed at § 3.309(e)* shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service.

38 C.F.R. § 3.307(a)(6)(iii) (1998) (emphasis added). In view of the plain language of the statute and regulation, the Court holds that neither the statutory nor the regulatory presumption will satisfy the incurrence element of *Caluza* where the veteran has not developed a condition enumerated in either 38 U.S.C. § 1116(a) or 38 C.F.R. § 3.309(e). *See Gardner v. Brown,* 5 F.3d 1456, 1458 (Fed.Cir.1993) ("The starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter.'"), *aff'd,* 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994); *see also Butts v. Brown,* 5 Vet.App. 532, 539 (1993) (en banc) (Court reviews de novo conclusions of law). Here, because there is no evidence that the appellant has developed an enumerated dis-

ease, the Board's implicit determination that the appellant had presumptive in-service exposure is erroneous as a matter of law. Consequently, the Court will remand the matter to the Board to make a determination, supported by an adequate statement of reasons and bases, as to whether the appellant has submitted evidence of exposure to Agent Orange during service that, in view of the evidence satisfying the first and third *Caluza* elements, would well ground the appellant's claim for direct service connection. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown,* 7 Vet. App. 517, 527 (1995) (Board is required to provide a written statement of the reasons or bases for findings and conclusions on all material issues of fact and law presented on record; statement must be adequate to enable claimant to understand precise basis for Board's decision, as well as to facilitate judicial review); *Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990); *see also Murphy, supra* (Board must provide reasons or bases where it finds claim not well grounded); *cf. Norris v. West,* 11 Vet.App. 219, 224–25 (1998) (remanding for Board to provide adequate reasons or bases regarding determination that appellant had not submitted new and material evidence).

### C. Claim 3

In the decision on appeal, the Board, relying on the test for materiality set forth in *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991), determined, with respect to claim 3, that the appellant had submitted "new" evidence but determined that such evidence was not "material." R. at 4. In light of the recent decision of the U.S. Court of Appeals for the Federal Circuit in *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998), the Court holds that a remand is necessary in order for the Board to apply *Hodge* and to provide reasons or bases as to whether the appellant has satisfied the requirements of 38 C.F.R. § 3.156(a) (1998).

### III. CONCLUSION

Upon consideration of the above, the July 30, 1997, BVA decision with respect to claims 2 and 3 is VACATED and those matters are REMANDED for proceedings consistent with this opinion. The appellant's appeal with respect to claim 1 is DISMISSED.