﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210413-152378
DATE: April 30, 2021

ISSUES

1. Entitlement to service connection for an eye disability (claimed as impaired vision).

2. Entitlement to service connection for hypertension.

3. Entitlement to service connection for colon cancer, to include as due to herbicide exposure.

ORDER

Entitlement to service connection for an eye disability (claimed as impaired vision) is denied.

Entitlement to service connection for hypertension is denied.

REMANDED

Entitlement to service connection for colon cancer, to include as due to herbicide exposure is remanded.

FINDINGS OF FACT

1. The competent and credible evidence does not reflect a diagnosis of an eye disability during the pendency of the appeal.

2. The Veteran’s hypertension, which was not diagnosed until many years after service, is not shown to be causally or etiologically related to any disease, injury, or incident in service.

CONCLUSIONS OF LAW

1. The criteria for service connection for an eye disability have not been met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303

2. The criteria for entitlement to service connection for hypertension have not been met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303, 3.307, 3.309

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the Navy from July 1962 to December 1982.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2020 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) which denied entitlement to the benefits currently sought on appeal.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

By way of background, the Veteran filed a claim for entitlement to service connection for colon cancer, an eye disability, and hypertension in December 2019. The Veteran’s claim was denied in a rating decision from May 2020.

The Veteran then filed a request for Higher-Level Review in May 2020. A rating decision from September 2020 continued to deny the Veteran’s three service connection claims.

The Veteran then opted into AMA by filing a timely VA Form 10182 Notice of Disagreement (NOD) in April 2021. 38 C.F.R. § 19.2(d). The Veteran elected Direct Review by a Veterans Law Judge. The Veteran’s claim was certified to the Board that same month and placed on the Direct Review Docket.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900 (c). 38 U.S.C. § 7107 (a)(2).

Service Connection

To establish an entitlement to service connection, the Veteran must establish (1) the existence of a present disability, (2) an in-service occurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. 38 C.F.R. § § 3.303(a).

VA is required to give due consideration to all pertinent medical and lay evidence in evaluating a claim for disability benefits. 38 U.S.C. § 1154 (a). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

Lay evidence cannot be determined to be not credible merely because it is unaccompanied by contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331, 1336-37 (Fed. Cir. 2006). However, the lack of contemporaneous medical evidence can be considered and weighed against a Veteran’s lay statements. Id. Further, a negative inference may be drawn from the absence of complaints for an extended period. See Maxson v. West, 12 Vet. App. 453, 459 (1999), aff’d sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

In deciding the Veteran’s claim, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event; or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

1. Entitlement to service connection for an eye disability (claimed as impaired vision).

The Veteran has claimed that he has a current eye disability that is due to his active duty service. In the Veteran’s original claim from December 2019, he wrote that he was claiming “impaired vision,” due to “welding/see [service treatment record].”

To begin, the Veteran does not have a current diagnosis. The only statement that the Veteran has including regarding his claim is “impaired vision.” He has not indicated that he has a current diagnosis of any eye/vision disability, nor has he submitted any lay statements or medical evidence to indicate that is the case. The Veteran’s Representative has also not submitted any statements to indicate that the Veteran has a current diagnosis of an eye disability.

The Board has also reviewed available medical evidence within the Veteran’s claims file. The only available medical records are private treatment reports from the Ascension Sacred Heart Cancer Center, and routine visits with the Sacred Heart Medical Group. No available records indicate that the Veteran has any current diagnosis related to the Veteran’s eyes and/or vision. On the contrary, during a recent appointment in May 2019, the examiner reported “no dry eyes, no irritation, and no vision change.” A routine physical in April 2019 from Sacred Heart noted that the Veteran had no problems with his eye lids, pupils, corneas, lens, sclerae, and vision. Each were described as “grossly intact.” During these visits, the Veteran regularly denies that he has trouble with his vision and/or eyes.

As a result, the Board finds that the Veteran did not have a current diagnosis of an eye disability. 38 C.F.R. § § 3.303(a).

Additionally, the Board has considered the recent holding in Saunders v. Wilkie in which service connection was deemed possible in the absence of a diagnosis when such factors as pain are shown to limit functional ability. Saunders v. Wilkie, 886 F.3d 1356, 1364 (Fed. Cir. 2018) (“pain alone can serve as a functional impairment and therefore qualify as a disability”). That Federal Circuit decision qualified that holding, however: “[w]e do not hold that a veteran could demonstrate service connection simply by asserting subjective pain. To establish the presence of a disability, the veteran will need to show that [her] pain reaches the level of functional impairment of earning capacity.” Id. at 1365.

In this case, however, during the pendency of the appeal, the Veteran did not claim that any vision or eye disability had caused him pain. Thus, the Veteran does not have a present disability manifest by pain that could be identified as part of his claim for service connection for an eye disability pursuant to Saunders.

Therefore, the first criteria for service connection is not met for the claimed disability, as there is no evidence that the Veteran had a current diagnosis of an eye disability. 38 C.F.R. § § 3.303(a).

As far as the second and third criteria for service connection, Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability during the period of the appeal. See 38 U.S.C. § 1110. In the absence of proof of present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Therefore, in the absence of competent evidence showing a current diagnosis of an eye disability, it is unnecessary to address the remaining elements of the claims for entitlement to service connection. See Brammer, 3 Vet. App. at 225.

Thus, the Board finds that entitlement to service connection for an eye disability is not warranted. Since the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable, and service connection for an eye disability is denied. 38 U.S.C. § 5107, Gilbert v. Derwinski, Vet. App. 49, 55-57.

2. Entitlement to service connection for hypertension.

The Veteran has claimed that his hypertension is due to his active duty service.

Service connection may also be established for a current disability on the basis of a presumption that certain chronic diseases, to include hypertension, manifesting themselves to a certain degree within a certain time after service must have had their onset in service. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309(a). For hypertension, the disease must have manifested to a degree of 10 percent or more within one year of service. 38 C.F.R. § 3.307 (a)(3).

Service connection for hypertension can also be established through continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (2013); 38 C.F.R. §§ 3.303 (b), 3.309. For chronic diseases shown as such in service or within the applicable presumptive period, subsequent manifestations of the same chronic disease at any later date are service connected unless attributable to an intercurrent cause. 38 C.F.R. § 3.303 (b). For a chronic disease to be considered to have been “shown in service,” there must be a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings. Id. When the condition noted in service or within the presumptive period is not a chronic disease, a showing of continuity of symptomatology after discharge is required. Id.

To begin, the Veteran was issued an AMA rating decision by the RO in September 2020. The AMA rating decision made a number of favorable findings, including that the Veteran had a current disability of hypertension, based on May 2019 treatment records from the Ascension Sacred Heart Cancer Center. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Thus, as the Board is bound by the favorable finding of the RO, and the RO has already determined that the Veteran has a current diagnosis of hypertension, the first criteria for entitlement to service connection have been met. 38 C.F.R. § 3.303.

Turning to the second criteria, the Veteran has not indicated any in-service event or injury that could have caused his current diagnosis of hypertension. He has not pointed to any in-service findings of heightened blood pressure readings, nor to any diagnosis of hypertension while in service, nor within one year following service. In fact, neither the Veteran, nor his Representative have pointed to any theory for the claim of entitlement to service connection. The Veteran has not submitted any lay statements regarding his claim, nor provided additional details in his NOD. The Veteran’s original application for entitlement to service connection simply says “hypertension.”

To be sure, the Board has reviewed the Veteran’s service treatment records. In no instance was the Veteran noted to have hypertension, nor is there medical evidence regarding raised blood pressure readings.

As such, the Veteran has not met the second criteria for entitlement to service connection on a direct basis. 38 C.F.R. § 3.303.

With respect to service connection on a presumptive basis, there is no indication that hypertension was diagnosed in service, nor was it diagnosed within the year following service. In fact, the first evidence of hypertension within the Veteran’s claims file is from January 2018. In the January 2018 report from the Sacred Heart Medical Group, the Veteran is noted to have his first confirmed diagnosis of hypertension. It was then that he was given medication to manage hypertension, that he was given information on “high blood pressure: care instructions,” and reading material on “learning about high blood pressure.” The Board notes that this diagnosis is over three decades after the Veteran was separated from active duty. Likewise, continuity of symptomatology can also therefore not be established. As such, the Veteran has not met the third and final criteria for entitlement to service connection under either theory. 38 C.F.R. §§ 3.303, 3.307, 3.309.

For the foregoing reasons, the Board concludes that the claim of entitlement to service connection for hypertension must be denied. The preponderance of the evidence is against the claim and the doctrine of reasonable doubt is not applicable. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

REASONS FOR REMAND

The Board incorporates its discussion from the sections above by reference.

1. Entitlement to service connection for colon cancer, to include as due to herbicide exposure is remanded.

The Veteran has claimed that his colon cancer, to include the residuals thereof, are related to his active duty service. Specifically, in the Veteran’s original claim from December 2019, he indicated his “residuals colon cancer,” were due to “presumptive” Agent Orange exposure in the Republic of Vietnam.

A Veteran who, during active military, naval, or air service, served in the Republic of Vietnam between January 9, 1962 and May 7, 1975 is presumed to have been exposed to an herbicide agent if a listed chronic disease manifests to a degree of 10 percent disabling or more, unless there is affirmative evidence to the contrary. 38 C.F.R. § 3.307 (a). The presumption is rebuttable. 38 C.F.R. § 3.307 (d). Additionally, if a veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases are presumed to be service connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of the disease during service. See 38 U.S.C. § 1116; 38 C.F.R. § 3.309 (e).

Notwithstanding, service connection for a disability claimed as being due to presumptive exposure may still be established by showing that the disability was in fact causally linked to such exposure. Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994) (citing 38 U.S.C. §§ 1113(b), 1116 and 38 C.F.R. § 3.303.

To begin, the Veteran was issued an AMA rating decision by the RO in September 2020. The AMA rating decision made a number of favorable findings, including that the Veteran has a current diagnosis of colon cancer, based on treatment records from the Ascension Sacred Heart Cancer Center, and that the Veteran was exposed to herbicides during his military service in the Republic of Vietnam. The Board is bound by these favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Thus, as the Board is bound by the favorable findings of the RO, and the RO has already determined that the Veteran has a current diagnosis of colon cancer and that his exposure to toxic herbicides may be conceded, the first two criteria for entitlement to service connection have been met for both of the Veteran’s claims. 38 C.F.R. § 3.303.

As noted above, certain diseases associated with exposure to herbicide agents may be presumed to have been incurred in service even if there is no evidence of the disease in service. See 38 C.F.R. §§ 3.307 (a)(6), 3.309(e). Having said that, colon cancer is not among the diseases eligible for presumptive service connection under section 3.309(e). Id. Nevertheless, service connection for this disability may still be established with proof of direct causation. See Polovick v. Shinseki, 23 Vet. App. 48, 52-53 (2009); Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007); McCartt v. West, 12 Vet. App. 164, 167 (1999); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

Even though the Veteran may be able to still be eligible for service connection on a direct basis under Combee, the Board notes that the Veteran has not been afforded a VA examination, and an etiological opinion has not been rendered.

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately remanding them directly. Nevertheless, even under the AMA the Board still has the duty to remand issues when necessary to correct a pre-decisional duty to assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a).

VA’s duty to assist includes, when necessary, conducting a thorough and comprehensive medical examination. Under 38 U.S.C. § 5103A (d)(2), VA must provide a medical examination and, or, obtain a medical opinion, when there is: (1) competent evidence that the Veteran has a current disability (or persistent or recurrent symptoms of a disability); (2) evidence establishing that he suffered an event, injury or disease in service or has a disease or symptoms of a disease within a specified presumptive period; (3) an indication the current disability or symptoms may be associated with service; and (4) there is not sufficient medical evidence to make a decision. See McLendon v. Nicholson, 20 Vet. App. 79 (2006) (discussing circumstances under which a VA examination is required). The third element, which requires that the evidence of record “indicate” that the claimed disability or symptoms “may be” associated with the established event, is a low threshold. Id. at 83.

As the Veteran has not been given a VA examination to determine the etiological basis for his diagnosed colon cancer, despite the possibility of service connection being granted for this disability with proof of direct causation, the Board finds that a pre-decisional duty to assist error has occurred. 38 C.F.R. § 20.802 (a).

Furthermore, because the Veteran’s entire history is reviewed when making disability evaluations, the record must be complete for such service connection determinations to be made. See Schafrath v. Derwinski, 1 Vet. App. 589 (1995). 

Therefore, a remand is necessary to ensure that there is a complete record upon which to decide the Veteran’s claim for entitlement to service connection so that he is afforded every possible consideration. 38 U.S.C. § 5103 (A); 38 C.F.R. § 3.159. On remand, the Veteran must be scheduled for appropriate VA examination so that etiological opinions may be rendered for his diagnosed colon cancer.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination(s) (or telehealth interview(s), review(s) of the record, etc., if an in-person examination(s) is not feasible) by an appropriate clinician(s) to determine the nature and etiology of the Veteran’s colon cancer, to include the residuals thereof. The claims folder and this remand must be made available to the examiner(s) for review, and the examination report(s) must reflect that such a review was undertaken. After performing any/all necessary testing, the examiner should provide responses to the following questions:

(a.) As it relates to the Veteran’s colon cancer, to include the residuals thereof, is it at least as likely as not (50 percent or greater) that the Veteran’s disability was caused by a disease or injury in service, to include his exposure to toxic herbicides while on active duty in the Republic of Vietnam?

The examiner is reminded that the Veteran’s exposure to toxic herbicides while stationed in the Republic of Vietnam has been conceded based on the Veteran’s duty or visitation (“boots on the ground”).

A detailed rationale for the opinions must be provided. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

2. Readjudicate the aforementioned claim on the merits in light of all pertinent evidence and legal authority.

 

 

Michael A. Pappas

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Mulrain, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.