﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 210317-144674
DATE: April 30, 2021

ISSUE

Entitlement to service connection for a skin disability (basal and squamous cell carcinoma, to include residuals thereof), to include as due to exposure to herbicides.

REMANDED

Entitlement to service connection for a skin disability (basal and squamous cell carcinoma, to include residuals thereof), to include as due to exposure to herbicides is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Navy from May 1967 to April 1975.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2021 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) which denied entitlement to the benefits currently sought on appeal.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

By way of background, the Veteran filed a claim for entitlement to service connection for a skin disability (basal/squamous cell carcinoma and pre-cancerous skin lesions) in October 2020. The Veteran’s claim was denied in a rating decision from January 2021.

The Veteran then opted into AMA by filing a timely VA Form 10182 NOD in March 2021. 38 C.F.R. § 19.2(d). The Veteran elected Direct Review by a Veterans Law Judge. The Veteran’s claim was certified to the Board in March 2021 and placed on the Direct Review Docket.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900 (c). 38 U.S.C. § 7107 (a)(2).

Entitlement to service connection for a skin disability (basal and squamous cell carcinoma, to include residuals thereof), to include as due to exposure to herbicides is remanded.

The Veteran has claimed that his skin disability (basal and squamous cell carcinoma, to include skin lesions and residuals thereof) is due to his active duty service, specifically his exposure to herbicide agents while stationed in the Republic of Vietnam. See March 2021 NOD. The Veteran wrote that he has basal and “squamous cell cancer exacerbated/caused by exposure to agent orange.” These contentions were repeated in an Appellate Brief from April 2021, submitted by the Veteran’s Representative, who further requested a remand “to determine if the direct contact to the Veteran’s skin may be considered as exposure to Agent Orange.”

The Veteran also submitted a lay statement in November 2020, which discussed the extent of his basal and squamous cell skin cancer, to include its treatment and biopsies. He wrote that 

while in the Navy I was stationed aboard the USS Krishna for a tour in Vietnam where I was exposed to Agent Orange. I believe this exposure contributes to the numerous sites of skin cancer I am experiencing now.

The Veteran also submitted photographs of his skin lesions, as well as a January 2014 article titled Vietnam War Veterans at High Risk for Skin Cancer.

To establish an entitlement to service connection, the Veteran must establish (1) the existence of a present disability, (2) an in-service occurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. 38 C.F.R. § § 3.303(a).

A Veteran who, during active military, naval, or air service, served in the Republic of Vietnam between January 9, 1962 and May 7, 1975 is presumed to have been exposed to an herbicide agent if a listed chronic disease manifests to a degree of 10 percent disabling or more, unless there is affirmative evidence to the contrary. 38 C.F.R. § 3.307 (a). The presumption is rebuttable. 38 C.F.R. § 3.307 (d). Additionally, if a veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases are presumed to be service connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of the disease during service. See 38 U.S.C. § 1116; 38 C.F.R. § 3.309 (e).

As is relevant to the Veteran’s service in this case, the Board notes that prior to the decision in Procopio v. Wilkie, 913 F.3d 1371 (Fed. Cir. 2019), the presumption of exposure to herbicide agents provided under 38 U.S.C. § 1116 was extended only to those Vietnam Veterans who served on the landmass or inland waterways of the Republic of Vietnam. The Court overruled the prior decision of Haas v. Peake, 525 F.3d 1168 (Fed. Cir. 2008), and held that veterans who served in the 12-nautical mile territorial sea of the Republic of Vietnam meet the criterion of 38 U.S.C. § 1116(f) that they “served in the Republic of Vietnam,” regardless of whether they had duty or visitation on the ground or in the inland waters of Vietnam.

Thus, Veterans who served in the territorial waters will qualify for the presumption of service connection if they meet the other requirements under § 1116(f) and 38 C.F.R. §§ 3.307(a)(6), 3.309(e), including service during the specified time period and having a listed disease for the chronic presumption or other evidence of a direct link between the current disability and the presumed herbicide agent exposure.

Notwithstanding, service connection for a disability claimed as being due to presumptive exposure may still be established by showing that the disability was in fact causally linked to such exposure. Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994) (citing 38 U.S.C. §§ 1113(b), 1116 and 38 C.F.R. § 3.303.

To begin, the Veteran was issued an AMA rating decision by the RO in January 2021. The AMA rating decision made several favorable findings, including that the Veteran has a current diagnosis of a skin disability, to include basal cell carcinoma, and that the Veteran was exposed to herbicides during his military service in the Republic of Vietnam. The finding of exposure to herbicides was made based on a VA Memorandum from November 2020, finding that the Veteran’s exposure to herbicides is conceded based on his nautical service in the offshore waters of the Republic of Vietnam, as defined in the Blue Water Navy Vietnam Veterans Act of 2019, Public Law 116-23. The Board is bound by these favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

Thus, as the Board is bound by the favorable findings of the RO, and the RO has already determined that the Veteran has a current diagnosis, and that his exposure to toxic herbicides may be conceded, the first two criteria for entitlement to service connection have been met for both of the Veteran’s claims. 38 C.F.R. § 3.303.

As noted above, certain diseases associated with exposure to herbicide agents may be presumed to have been incurred in service even if there is no evidence of the disease in service. See 38 C.F.R. §§ 3.307 (a)(6), 3.309(e). Having said that, the Veteran’s specific skin disability (basal and squamous cell carcinoma, to include the residuals thereof) is not among the diseases eligible for presumptive service connection under section 3.309(e). Id. Nevertheless, service connection for this disability may still be established with proof of direct causation. See Polovick v. Shinseki, 23 Vet. App. 48, 52-53 (2009); Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007); McCartt v. West, 12 Vet. App. 164, 167 (1999); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

The Veteran was given a VA examination in January 2021. He was seen in person, and his claims file was reviewed. The examiner confirmed the Veteran’s diagnosis of a skin disability, indicated that it was malignant, and that his skin lesions underwent biopsy every twelve months. The examiner was asked various questions by the RO, including “evidence of any other effects radiation exposure may have had on the Veteran … [and] extent of exposure to the sun (such as sun bathing or occupations requiring the Veteran to work outdoors.)” The examiner answered “unknown” or “none” for essentially all of these questions. Importantly, herbicide exposure was not mentioned, nor was the Veteran’s service in the Republic of Vietnam. Furthermore, an etiological opinion was not rendered. 

Even though the Veteran may be able to still be eligible for service connection on a direct basis under Combee, the Board notes that the January 2021 VA examination did not render an etiological opinion, and exposure to herbicides was not discussed. Furthermore, as the VA examiner specifically commented on “radiation exposure,” the Board finds it possible that the RO directed the wrong questions to the VA examiner.

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately remanding them directly. Nevertheless, even under the AMA the Board still has the duty to remand issues when necessary to correct a pre-decisional duty to assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a).

Because the VA examination did not offer an etiological opinion, much less one that considered the Veteran’s conceded exposure to herbicides, the possibility of service connection being granted for this disability with proof of direct causation remains. As such, the Board finds that a pre-decisional duty to assist error has occurred. 38 C.F.R. § 20.802 (a).

Furthermore, because the Veteran’s entire history is reviewed when making disability evaluations, the record must be complete for such service connection determinations to be made. See Schafrath v. Derwinski, 1 Vet. App. 589 (1995). 

Therefore, a remand is necessary to ensure that there is a complete record upon which to decide the Veteran’s claims for entitlement to service connection so that he is afforded every possible consideration. 38 U.S.C. § 5103 (A); 38 C.F.R. § 3.159. On remand, the Veteran must be scheduled for appropriate VA examination so that etiological opinions may be rendered for his diagnosed skin disability, and whether it is at least as likely as not due to his in-service exposure to herbicides.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination(s) (or telehealth interview(s), review(s) of the record, etc., if an in-person examination(s) is not feasible) by an appropriate clinician(s) to determine the nature and etiology of the Veteran’s skin disability (to include basal and squamous cell carcinoma, and the residuals thereof). The claims folder and this remand must be made available to the examiner(s) for review, and the examination report(s) must reflect that such a review was undertaken. After performing any/all necessary testing, the examiner should provide responses to the following questions:

(a.) As it relates to the Veteran’s skin disability, is it at least as likely as not (50 percent or greater) that the Veteran’s skin disability was caused by a disease or injury in service, to include his exposure to toxic herbicides while on active duty in the Republic of Vietnam?

The examiner is reminded that the Veteran’s exposure to toxic herbicides while stationed in the Republic of Vietnam has been conceded based on the Veteran’s duty or visitation. The examiner is also asked to consider the internet article submitted by the Veteran, titled Vietnam War Veterans at High Risk for Skin Cancer.

The examiner is further reminded that service connection for a disability claimed as being due to presumptive exposure may still be established by showing that the disability was in fact causally linked to such exposure. Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994)

A detailed rationale for the opinions must be provided. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

(Continued on next page.)

2. Readjudicate the aforementioned claim on the merits in light of all pertinent evidence and legal authority.

 

 

Michael A. Pappas

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Mulrain, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.