Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200324-77720
DATE: July 30, 2021

ORDER

The claim for service connection for diabetes mellitus type II (herein diabetes) is granted.

The claim for service connection for coronary artery disease with coronary artery bypass graft (herein coronary artery disease) is granted.

REMANDED

The claim for service connection for hypertension is remanded.

FINDINGS OF FACT

1. Resolving reasonable doubt in his favor, the Veteran is found to have been exposed to herbicides during service.

2. Competent medical evidence reflects a diagnosis of diabetes, a disability recognized by VA as presumptively associated with herbicides exposure.

3. Competent medical evidence reflects a diagnosis of coronary artery disease, a disability recognized by VA as presumptively associated with herbicides exposure.

CONCLUSIONS OF LAW

1. The criteria for service connection for diabetes are met. 38 U.S.C. §§ 1116, 5103; 38 C.F.R. §§ 3.303, 3.307, 3.309(e).

2. The criteria for service connection for coronary artery disease are met. 38 U.S.C. §§ 1116, 5103; 38 C.F.R. §§ 3.303, 3.307, 3.309(e).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1965 to January 1969.

The claim was remanded for additional development by the Board in June 2018 and has been returned now following substantial compliance with that remand order. 

In March and November 2020 VA Form 10182s, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. He provided testimony before the undersigned during a videoconference hearing in March 2021. A transcript has been added to the file. 

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

During the Board hearing, the Veteran, through his representative, asked for the issue of service connection for bladder cancer, appealed in the November 2020 VA Form 10182s could be included in the appeal concerning service connection for diabetes, coronary artery disease, and hypertension, as all four issues involve the claimed etiology of herbicide exposure. The undersigned agreed to take testimony on the issue of service connection for bladder cancer, however, as that issue is the subject of a second AMA claim, that issue will be adjudicated in a separate Board decision. 

1. Entitlement to service connection for diabetes 

2. Entitlement to service connection for coronary artery disease with coronary artery bypass graft (herein coronary artery disease)

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table). 

In each case where service connection for any disability is being sought, due consideration shall be given to the places, types, and circumstances of such Veteran's service as shown by such Veteran's service record, the official history of each organization in which such Veteran served, such Veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.§ 1154(a).

Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303 (d).

If a Veteran was exposed to an herbicide agent during active military, naval, or air service, the several diseases, including diabetes and coronary artery disease will be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307 (d) are also satisfied. The National Defense Authorization Act for Fiscal Year 2021, P.L. 116-283, § 6501, 134 Stat. 3388 (Jan. 1, 2021) also recently added bladder cancer to the list of conditions presumptively associated with exposure to herbicide agents. 38 U.S.C. § 1116 (a)(2)(J).

However, VA has specifically stated that the accepted medical definition of coronary artery disease (or ischemic heart disease) does not extend to other conditions, such as hypertension, peripheral artery disease, and stroke that do not directly affect the muscles of the heart. 38 C.F.R. § 3.309 (e), note 2.

In this context, the term "herbicide agent" is defined as a chemical in an herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975, specifically: 2,4-D; 2,4,5-T and its contaminant TCDD; cacodylic acid; and picloram. 38 C.F.R. § 3.307 (a)(6)(i).

A Veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 U.S.C. § 1116; 38 C.F.R. § 3.307 (a)(6). 

Regardless of whether a claimed disability is recognized under 38 U.S.C. § 1116, pertaining to herbicide agent exposure presumptive diseases, a Veteran is not precluded from presenting evidence that a claimed disability was due to or the result of herbicide exposure. Combee v. Brown, 34 F.3d 1039, 1044-45 (Fed. Cir. 1994); McCartt v. West, 12 Vet. App. 164, 167 (1999).

As the Veteran has current diagnoses of diabetes and coronary artery disease, as acknowledged by the RO as a favorable finding, the main question in this claim is whether the Veteran was exposed to herbicides during his military service. After a thorough review of the service personnel and lay evidence, and resolving all doubt in the Veteran's favor, the Board finds that the evidence is sufficient to establish the Veteran's service in Vietnam during the requisite period, and thus, establish his presumed exposure to herbicides while on active duty. 

The Veteran asserts that he served as a crew chief aboard an aircraft that frequently went on missions into Vietnam. A fellow service member submitted a statement that he specifically remembers seeing the Veteran in Vietnam while on active duty and the Veteran's wife remembers talking to the Veteran about his Vietnam service while he was serving on active duty. Such lay statements from people with firsthand, contemporaneous knowledge of his service with boots on the ground in Vietnam during the Vietnam era provide significant support for the Veteran's lay assertions of such service. 

Service personnel records document that the Veteran was an air crew chief, that the aircraft to which he was assigned spent a considerable amount of time away from home station, that the Veteran received a combat tax exclusion in 1967, and that he was noted to be a part of the combat support group. In addition, an official Air Force response from the Air Force Historical Research Agency stated that the Veteran's unit histories clearly show that, although they were stationed in Taiwan, aircraft, aircrew, and ground personnel, including crew chiefs, were sent to Vietnam on a continuous rotational basis from 1967 through 1968. 

The Board acknowledges that definitive evidence in the form of service personnel records are not in the claims file and it has been determined that the Veteran's Vietnam service/herbicide exposure cannot be definitively verified in such records or unit histories. However, the Board further acknowledges the significant, contemporaneous, competent, and credible lay evidence as well as the entries in his service personnel records and unit histories which clearly suggest it is at least possible, if not likely, that the Veteran served on aircraft that landed in Vietnam during the requisite time period. As such, and resolving all doubt in the Veteran's favor, the Board finds that the evidence weighs in favor of finding that the Veteran served in Vietnam and is, therefore, presumed to have been exposed to herbicides such as Agent Orange during active duty service. 

Accordingly, the Veteran's diabetes and coronary artery disease are presumptively found to be related to his in-service exposure to herbicides, and service connection for these diseases is, therefore, warranted on that basis.

REASONS FOR REMAND

1. Entitlement to service connection for hypertension

Given the new finding that the Veteran's herbicide exposure is presumed, a VA examination and etiology opinion must be provided in order to assess his claim that his herbicide exposure resulted in his incurrence of hypertension.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to assess the etiology of his hypertension and his contention that he incurred hypertension as a result of presumed herbicide exposure. The examiner must review the claims file.

The examiner is asked to provide a response to the following:

Is hypertension at least as likely as not related to in-service exposure to herbicide agents?

The examiner is advised that a negative opinion cannot be based solely on the fact that hypertension is not on the list of diseases that are presumptively associated with exposure to herbicide agents.

Provide a rationale to support the opinion(s). 

(Continued on the next page)

 

In providing the requested opinion, consider the Veteran's description of his in-service exposure and symptoms as well as his post-service symptoms. If there is any medical reason to accept or reject the proposition that the Veteran's reported symptoms in service and thereafter represented the onset of his current disability, this should be noted. Stated another way, do the Veteran's reports about his symptoms align with how the currently diagnosed disability is known to develop or are the Veteran's reports generally inconsistent with medical knowledge or implausible?

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. B., Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.